UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JACKIE RAY KIRK,
            *Defendant-Appellant.*

No. 03-4347

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-193)

Submitted: November 12, 2003

Decided: December 16, 2003

Before LUTTIG and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Federal Public Defender, Edward H. Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Michael H. Spencer, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jackie Ray Kirk pled guilty to manufacturing by cultivation fifty or more marijuana plants. He was sentenced to forty-one months of imprisonment, and he now appeals. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), raising three issues, but stating that there are no meritorious issues on appeal. Although informed of his right to do so, Kirk has not filed a supplemental brief.

Kirk first contends that the district court erred at sentencing in determining the number of marijuana plants for which he was responsible. At the time of the search, the officers counted one hundred plants, but nearer to the indictment, only fifty-two plants could be confirmed. The district court attributed one hundred plants to Kirk.

In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probably accuracy. *See United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992). The Government must establish by a preponderance of the evidence the amount of drugs attributable to a particular defendant for sentencing purposes. *United States v. Jones*, 31 F.3d 1304, 1316 (4th Cir. 1994). The district court's factual findings will be upheld absent clear error. *See* 18 U.S.C. § 3742(e) (2000); *United States v. Lamarr*, 75 F.3d 964, 972 (4th Cir. 1996).

Here, two officers testified that they counted one hundred plants at the time of the search. The court was entitled to rely on such testimony, as well as Officer Young's conclusion, based on his experience, that some of the plants had degraded between the search and the return of the indictment. Accordingly, reliance on the officers' testimony was not clear error.

Kirk next challenges the credibility of his cousin Harold Kirk, whose testimony at sentencing was credited by the district court and served as the basis for an obstruction of justice enhancement. This court is required to give due regard to the district court's opportunity to judge the credibility of witnesses. 18 U.S.C. § 3742(e). Credibility determinations therefore receive deference unless they are without support in the record, *United States v. Brown*, 944 F.2d 1377, 1379-80 (7th Cir. 1991), and are rarely disturbed on appeal. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

Here, the district court had ample opportunity to observe both Harold and Kirk's demeanor and the substance of their testimony. Therefore, we find that the district court did not clearly err in its decision to accept Harold's testimony over that of Kirk. *See United States v. D'Anjou*, 16 F.3d 604, 614 (4th Cir. 1994) (noting that this court is "reluctant to overturn factual findings of the trial court, [and] this is doubly so where the question goes to the demeanor and credibility of witnesses at trial, since the district court is so much better situated to evaluate these matters"). Thus, we uphold the district court's factual determination that Kirk assaulted Harold mistakenly believing that Harold was an informant.

Finally, Kirk contends that his sentence should not have been enhanced under *U.S. Sentencing Guidelines Manual* § 3C1.1 (2002) for obstruction of justice, because Harold was, in fact, not an informant. Thus, nothing Kirk did to Harold could change the course of his sentencing.

Sentencing Guideline § 3C1.1 provides: "If . . . the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction . . . increase the offense level by 2 levels." The district court indisputably and supportably found that Kirk intended to impede the administration of justice prior to his sentencing. The fact that Harold did not, or even could not have, contributed anything to the sentencing process is irrelevant, because the enhancement applies to attempted, as well as actual, obstruction. *See United States v. Hicks*, 948 F.2d 877, 884-85 (4th Cir. 1991); *see also United States v. Lagasse*, 87 F.3d 18, 24 (1st Cir. 1996) (enhancement applied where witness intimidated prior to

sentencing even though he had nothing to contribute to the sentencing process); *United States v. Cotts*, 14 F.3d 300, 307-08 (7th Cir. 1994) (finding enhancement proper where defendant plotted to kill a fictional informant). Thus, the enhancement was properly applied.

Pursuant to *Anders*, we have reviewed the entire record for meritorious appeal issues and found none. Accordingly, we affirm Kirk's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*